# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

FARHAN RAGE M.,

        Petitioner,

v.

DAVID EASTERWOOD, *Director of St. Paul Field Office, U.S. Immigration and Customs Enforcement;* KRISTI NOEM, *Secretary of the U.S. Department of Homeland Security*; PAMELA BONDI, *Attorney General of the United States*; and DAREN K. MARGOLIN, *Acting Deputy Director, Executive Office for Immigration Review, in their official capacities*,

        Respondents.

Case No. 26-cv-836 (LMP/DLM)

**ORDER GRANTING HABEAS PETITION**

Lauren Lowry, **Karam Law, Bloomington, MN**, for Petitioner.

Matthew Ishihara, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Farhan Rage M. is a citizen of Somalia who entered the United States in November 2024. ECF No. 1 ¶ 26. He was arrested by immigration officers on January 29, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *Id.* ¶ 30. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *See id.* ¶ 8. Farhan Rage M. contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See id.* ¶ 43.

Farhan Rage M. accordingly petitioned for a writ of habeas corpus, contending that he falls within a class of noncitizens eligible for bond under 8 U.S.C. § 1226(a).  *See generally* ECF No. 1.  The Court ordered the Government to answer the petition.  ECF No. 3.  The Government timely responded, arguing that Farhan Rage M. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).[1]  ECF No. 7; *see Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (B.I.A. 2025).

As the Government acknowledges, this Court has already ruled that similarly situated petitioners are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are eligible for bond under 8 U.S.C. § 1226(a).  *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025) (rejecting the argument that "a noncitizen's efforts to obtain legal status or otherwise stay in the United States somehow constitutes 'seeking admission' as that phrase is used in Section 1225(b)(2)").  The Government's briefing provides no material distinction between this case and those cases.  Accordingly, the Court adopts the same reasoning here and concludes that Farhan Rage M. is entitled to a bond hearing under Section 1226(a).[2]

---

[1]    The Government's briefing also cites to a declaration from an ICE deportation officer, Gevena A. Balencia, but the Government did not submit this declaration for the Court's consideration.  The Court therefore does not consider the assertions in the Government's briefing purportedly supported by that nonexistent declaration.

[2]    The Court allowed Farhan Rage M. to file a reply brief no later than February 5, 2026.  ECF No. 6.  But the Government's response plainly demonstrates that Farhan

**ORDER**

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Farhan Rage M.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

   a. The Court **DECLARES** that Farhan Rage M. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

   b. The Government is **ORDERED** to provide Farhan Rage M. with a bond redetermination hearing under 8 U.S.C. § 1226(a) on the merits of his release no later than February 10, 2026.

   c. If the Government does not provide Farhan Rage M. with a bond redetermination hearing by February 10, 2026, as required by this Order, the Government is **ORDERED** to release Farhan Rage M. from detention immediately.

   d. No later than February 11, 2026, the Government is **ORDERED** to provide the Court with a status update concerning the results of any bond

---

Rage M. is entitled to relief. Finding no just cause for delay, the Court enters this Order now.

hearing conducted pursuant to this Order, or if no bond hearing was held,

advise the Court regarding Farhan Rage M.'s release.[3]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 4, 2026          *s/Laura M. Provinzino*
_____
                                 Laura M. Provinzino
                                 United States District Judge

---

[3]      Farhan Rage M. sought several other forms of relief in his habeas petition. To the extent that Farhan Rage M. seeks immediate release from custody, ECF No. 1 at 18, that request is denied. *See Roberto M. F.*, 2025 WL 3524455, at *5. And the Court need not adjudicate Farhan Rage M.'s APA and constitutional claims, along with his claim that he is the beneficiary of a class-action judgment, ECF No. 1 at 14–17, given that the Court has ruled for him on his statutory claim. *See United States v. Turechek*, 138 F.3d 1226, 1229 (8th Cir. 1998).